UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
LORENE MURPHY,                                              :     19-cv-5198 (JGK) (RWL)
                                                            :
                                  Plaintiff,                :
                                                            :     ORDER
            - against -                                     :
                                                            :
VIRDA NETCO ESTABLISHMENT AND                               :
FLAVIO LEPORI,                                              :
                                                            :
                                  Defendants.               :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/8/2020

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

By Order dated December 20, 2019, Judge John G. Koeltl granted a default judgment against Defendants Virda Netco Establishment, (Dkt. 27), and referred this matter to me to conduct an inquest concerning Plaintiff's damages.[1] (*Id.*) Accordingly:

1. **Required Submission:** Plaintiff shall serve Defendant in the manner set forth in paragraph 7 below and file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of default judgment no later than February 10, 2020. Plaintiff shall include with such service a copy of this Order. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount.

2. **Proposed Findings of Fact:** Plaintiff's Proposed Findings of Fact should specifically tie the proposed damages figure to the legal claim(s) on which liability has been established; should demonstrate how Plaintiff arrived at the proposed damages

---

[1] Defendant Flavio Lepori had previously been voluntarily dismissed. (Dkt. 20.)

1

figure; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages. Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavit(s) and or page of documentary evidence that supports each such Proposed Finding. Plaintiff's papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish that the Court has both personal jurisdiction over the defendant, and jurisdiction over the subject matter. To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the complaint.

3. **Attorneys' Fees:** Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed. Counsel should also provide the number of years they have been admitted to the bar and their hourly rate. The Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorneys' fees, including why, if applicable, the number of attorneys involved are entitled to fees.

4. **Memorandum of Law:** In lieu of conclusions of law, Plaintiff may submit a memorandum of law setting forth the legal principles applicable to Plaintiff's claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees).

5. **Defendant's Response:** Defendant shall send to Plaintiff's counsel and file with the Court its response, if any, to Plaintiff's submissions no later than February 24, 2020.

6. **Hearing:** The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

7. **Service:** Service of the documents referred to in above shall be made by Plaintiff on Defendant at Defendant's corporate address and via the New York Department of State, and shall be deemed sufficient service.

8. **Courtesy Copies:** A courtesy copy of any document filed with the Court shall be sent or delivered to the undersigned.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  New York, New York
January 8, 2020